IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATRICK A. RILEY,

      Petitioner,

v.                                    CIVIL ACTION NO. 1:08cv127
                                       (Judge Keeley)

WARDEN DeBOO, et al.,

      Respondents.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On June 25, 2008, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. On July 30, 2008, the petitioner was granted leave to proceed *in forma pauperis.* This case is before the undersigned for preliminary review and report and recommendation pursuant to LR PL P 83.09.

### II. FACTS

Based on the limited information provided by the plaintiff, it would appear that he was originally convicted in the Superior Court of the District of Columbia. He was eventually paroled. However, on April 10, 2008, the United States Parole Commission determined that the petitioner had violated the condition(s) of his release. Accordingly, his parole was revoked and none of the time spent on supervision was credited towards his sentence. He was recommitted to the custody of the Bureau of Prisons with Parole effective November 2, 2008. (Doc. 1-2).

In his petition, the petitioner contends that he is being illegally detained in a Federal Correctional Institution. He alleges that Warden DeBoo and the Inmate Systems Management has refused to certify his release date and provide him with a computation sheet within forty-five (45)

days as mandated by BOP policy. In addition, the petitioner alleges that he has been told by Warden DeBoo that he will not be released on November 2, 2008, as ordered by the US Parole Commission. As relief, the petitioner seeks an order granting him 10 days a month statutory good time credit making him eligible for immediate release. In addition the petitioner requests that the respondents compute his sentence and provide him with a computation sheet that will reflect his immediate release date or the November 2, 2008 date as ordered by the U.S. Parole Commission. The petitioner also seeks immediate placement in a halfway house to serve the remainder of his sentence. Finally, the petitioner requests that this court order the respondents to pay monetary damages for each day that he is illegally detained in custody past his respective release date.

### III. ANALYSIS

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

Although the petitioner has not notified the Court of a change of address, the BOP website establishes that he was released from custody on October 31, 2008, presumably pursuant to parole as set forth in the Notice of Action, dated April 10, 2008. (Doc. 1-2). Accordingly, the petitioner is no longer in the custody of the BOP, and there is no relief that this Court can offer. Therefore, this case is now moot.

### IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition

(Doc. 1) be **DISMISSED AS MOOT**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: November 7, 2008

                                                       /s/ James E. Seibert
                                                       JAMES E. SEIBERT
                                                       UNITED STATES MAGISTRATE JUDGE